IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MADILYNN WASHINGTON,<br><br>*Plaintiff*,<br><br>v.<br><br>CCS COMMERCIAL LLC,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:21-cv-00425-TES |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff Madilynn Washington initiated this action against Defendant CCS Commercial LLC, on November 30, 2021, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337. *See* [Doc. 1]. A copy of the summons and Complaint were served on Defendant's designated agent on February 15, 2022. [Doc. 3]. Defendant never filed an answer in response. As a result of Defendant's failure to respond, Plaintiff requested the Clerk of Court enter an entry of default against Defendant. [Doc. 4]. On March 18, 2022, the Court entered default against Defendant. [Doc. 5]. Plaintiff then moved for a default judgment against Defendant, which the Court granted. Since Judgment [Doc. 5] has officially been entered in this action, Plaintiff now moves for an award of attorney's fees and costs. [Doc. 8].

## DISCUSSION

"The Fair Debt Collection Practices Act authorizes the award of the costs of the action, and a 'reasonable attorney's fee as determined by the court,' 15 U.S.C. § 1692k(a)(3), in addition to damages to any successful plaintiff." *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993) (citation omitted). To determine what constitutes a reasonable attorney's fee, district courts apply the lodestar analysis. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar analysis requires courts to calculate the number of hours reasonably expended by a prevailing party to litigate the claims at issue by the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *see also Hepsen v. J.C. Christensen and Assocs., Inc.*, F. App'x 597 (11th Cir. Aug. 25, 2010).

In this action, Plaintiff seeks reimbursement for 8.9 hours of attorney time, billed at $375 per hour and 17.83 hours of paralegal time, billed at $160 per hour. [Doc. 8-1]. Plaintiff also seeks $400 in costs for filing this action. [*Id.*]. In total, Plaintiff requests the Court to award $ 6,965.30 for attorney's fees and costs against Defendant.

To start, the Court considers whether the hourly rate is reasonable. The reasonable hours rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (quoting *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)). The prevailing party seeking fees bears the burden of producing evidence—

something more than an affidavit by the party— that the proffered rate "is in line with prevailing market rates." *Loranger*, 10 F.3d at 781 (citation omitted).

In this case, Plaintiff directs the Court to consider her attorney's experience in litigating consumer cases in Georgia, relevant consumer litigation caselaw, and the fee schedule set by the Laffey Matrix to establish the reasonableness of the proffered hourly rates. *See* [Doc. 8-1, pp. 5–6]; [Doc. 8-4]. The Court has considered this evidence in detail and concludes that it clearly establishes the reasonableness of the hourly rates requested. Accordingly, the Court finds Plaintiff's attorney's fees at a rate of $375 per hour and the paralegal's fees at a rate of $160 per hour reasonable.

Next, the Court considers the reasonableness of the hours expended to litigate the claims at issue. In reaching its conclusion on the matter, the Court relied heavily on Plaintiff's billing statement, which provides a chronological listing of the hours incurred over the course of this action. *See* [Doc. 8-3]. Upon a thorough review of this statement, the Court finds that the hours expended to litigate this action are reasonable.

And lastly, the Court considers the costs accrued in bringing this action. Beyond attorney's fees, the prevailing party in an action such as this (one brought pursuant to the Fair Debt Collection Practices Act) is entitled to the "costs of the action." 15 U.S.C. § 1692k(a)(3). Here, Plaintiff only seeks to recover the $400 filing fee for bringing this action—something she is clearly entitled to recover under the statute. Accordingly, this $400 amount will be added to her total award of damages.

## CONCLUSION

For the reasons discussed in detail above, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees [Doc. 8]. Plaintiff is awarded $ 6,565.30 in attorney's fees and $400 in costs.

**SO ORDERED**, this 10th day of May, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURTS**
